This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Chester Clark, appeals from the decision of the Summit County Court of Common Pleas that adjudicated him a sexual predator pursuant to R.C. 2950.09. We affirm.
 {¶ 2} On June 14, 1991, the Summit County Grand Jury indicted Defendant on five separate counts of rape, in violation of R.C.2907.02(A)(1)(b). The case was resolved when Defendant pled guilty to rape, as contained in an amended count one, and the remaining four charges were dismissed. The trial court found Defendant guilty and sentenced him accordingly. Upon receipt of a recommendation from the Department of Rehabilitation and Correction, the trial court conducted a Sex Offender Status hearing. At the close of the evidence, the trial court determined and adjudicated Defendant to be a sexual predator. It is from this decision that Defendant timely appeals and raises one assignment of error for review.
 ASSIGNMENT OF ERROR {¶ 3} "The trial court's finding that [Defendant] should be classified as a "Sexual Predator" is against the manifest weight of the evidence because the [State] presented insufficient evidence, as a matter of law, to prove by clear and convincing evidence that [Defendant] is likely, in the future, to engage in one or more sexually oriented offenses."
 {¶ 4} In his sole assignment of error, Defendant challenges the trial court's finding that he is a sexual predator. Specifically, Defendant avers that this finding is against the manifest weight of the evidence because the State failed to prove by clear and convincing evidence that he is likely to commit a sexually oriented offense in the future. We disagree.
 {¶ 5} An appellate court applies the clearly erroneous standard when reviewing a trial court's sexual predator adjudication. State v.Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6. As such, a sexual predator adjudication will not be reversed if there is "some competent, credible evidence" to support the determination of the trial court. See State v. Groves, 7th Dist. No. 853, 2002-Ohio-5245, at ¶ 41; State v. Gibson, 4th Dist. No. 01CA19, 2002-Ohio-5232, ¶ 9.
 {¶ 6} A sexual predator is a person who has "been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). The initial inquiry in adjudicating a defendant a sexual predator is whether the defendant has been convicted of or pleaded guilty to committing a sexually oriented offense; this is a question of law. The next inquiry is whether the defendant is likely to reoffend, which involves a question of fact. The State bears the burden of proving by clear and convincing evidence that the defendant has been convicted of a sexually oriented offense and is likely to reoffend. R.C. 2950.09(B)(3);State v. Eppinger (2001), 91 Ohio St.3d 158, 163. Clear and convincing evidence is the level of proof greater than a "preponderance of the evidence," but less than the certainty of "beyond a reasonable doubt" as required by criminal cases. State v. Schiebel (1990), 55 Ohio St.3d 71,74, citing Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 7} Although the determination of whether a defendant is a sexual predator involves questions of both fact and law, generally, an appellate court need only address the trial court's factual determinations. That is, an appellate court must address whether the defendant is likely to reoffend. Unrue at ¶ 8. As such, when factual conclusions of a trial court are challenged, "the trial court is entitled to the same presumption of correctness that is accorded regarding other factual findings. An appellate court should not substitute its judgment for that of the trial court where some competent and credible evidence supports the trial court's factual findings." Wisintainer v. Elcen PowerStrut Co. (1993), 67 Ohio St.3d 352, 355. See, also, State ex rel. BSWDev. Group v. Dayton (1998), 83 Ohio St.3d 338, 344.
 {¶ 8} Furthermore, this court explained that "[the clearly erroneous] standard of review is highly deferential and even `some' evidence is sufficient to sustain the judgment and prevent a reversal. *** Thus, this Court is guided by a presumption that the findings of a trial court are correct, since the trial court is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use those observations in weighing the credibility of the proffered testimony." Spinetti v. Spinetti (Mar. 14, 2001), 9th Dist. No. 20113, at 7-8. See, also, Unrue at ¶ 9.
 {¶ 9} In determining whether the defendant is likely to reoffend, the trial court must consider all relevant factors, including, but not limited to:
 {¶ 10} "(a) The offender's *** age;
 {¶ 11} "(b)The offender's *** prior criminal *** record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 12} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed[;]
 {¶ 13} "(d) Whether the sexually oriented offense for which sentence is to be imposed *** involved multiple victims;
 {¶ 14} "(e) Whether the offender *** used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 15} "(f) If the offender *** previously has been convicted of or pleaded guilty to *** a criminal offense, whether the offender *** completed any sentence *** imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender *** participated in available programs for sexual offenders;
 {¶ 16} "(g) Any mental illness or mental disability of the offender ***;
 {¶ 17} "(h) The nature of the offender's *** sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 18} "(i) Whether the offender ***, during the commission of the sexually oriented offense for which sentence is to be imposed ***, displayed cruelty or made one or more threats of cruelty;
 {¶ 19} "(j) Any additional behavioral characteristics that contribute to the offender's *** conduct." R.C. 2950.09(B)(2).
 {¶ 20} This court has previously stated that the trial court need not mention each factor in its sexual predator determination, but only consider each factor in its determination. State v. Alexander (Apr. 14, 1999), 9th Dist. No. 18823, at 5-6. Furthermore, the factors need not be weighed or balanced, nor does the determination of sexual predator status demand that a majority of the factors listed weigh against the defendant. State v. Francis (June 16, 1999), 9th Dist. No. 18791, at 6.
 {¶ 21} Additionally, the tender age of the victim may be regarded as inherently indicative of a strong likelihood to reoffend, as seen by the following:
 {¶ 22} "[T]he overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." State v. Maynard (1999),132 Ohio App.3d 820, 826, quoting State v. Daniels (Feb. 24, 1998), 10th Dist. No. 97APA06-830.
 {¶ 23} At the hearing, the State presented evidence that Defendant was convicted of rape. Additionally, the State reiterated the ages of the victim and Defendant; specifically, the abuse occurred when the victim was eight and one-half years old and Defendant was twenty-four years old. Moreover, the State stressed the length of time the abuse occurred and the nature of the abuse. Although the investigating officer could only confirm one incident of abuse, there was testimony that the abuse occurred for approximately four months and involved anal penetration, oral penetration, and fondling. The State also presented evidence that Defendant "grabbed [the victim's penis] by two fingers and pulled it up and down." Further, the evidence reveals that Defendant pushed a dresser in front of the door to block the doorway during the abuse and instructed the victim "not to tell anybody."
 {¶ 24} The trial court determined that Defendant was a sexual predator based upon the age of the victim, the nature of the sexual conduct or contact, the pattern of abuse, and the instruction "not to tell" anyone about the abuse. Based upon the evidence presented, we hold that there was competent, credible evidence before the trial court to support its determination that Defendant was likely to reoffend and should be adjudicated a sexual predator. Consequently, the trial court's decision is not against the manifest weight of the evidence and Defendant's assignment of error is overruled.
 {¶ 25} Defendant's sole assignment of error is overruled. The decision of the Summit County Court of Common Pleas is affirmed.
CARR, J. and WHITMORE, J., CONCUR